IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID BRYANT WICKS,            :      CIVIL ACTION
                               :      NO. 09-6142
          Plaintiff,           :
                               :
     v.                        :
                               :
JEFFREY A. BEARD, et al.,      :
                               :
          Defendants.          :
                               :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          APRIL 27, 2012


          Before the Court is Defendants DiGuglielmo and

Karpinski's Motion for Summary Judgment, wherein Defendants

argue that Plaintiff's claims are either moot or barred by Heck

v. Humphrey. 512 U.S. 477 (1994). For the following reasons, the

Court will grant summary judgment in favor of Defendants on all

of Plaintiff's claims.


I.    **BACKGROUND**

          Pro se Plaintiff David Wicks ("Plaintiff") brings this

§ 1983 action against Department of Corrections Secretary

Jeffrey A. Beard ("Beard"), David DiGuglielmo, and Suzanne

Karpinski (collectively, "Defendants"). At all times relevant to

Plaintiff's complaint he was an inmate at the State Correctional

1

Institution at Graterford ("SCIG"). Plaintiff claims that he was granted parole, but that the parole date was postponed because he refused to participate in a dual diagnosis treatment program that the Department of Corrections ("DOC") recommended. Pl.'s Dep. 17:3-20:10, Defs.' Mot. for Summ. J. Ex. C., ECF No. 46. Based on Plaintiff's arguments, the Court construes Plaintiff to be claiming that his due process rights were violated.

On December 28, 2009, Plaintiff originally filed his complaint against the DOC and Beard. Compl., ECF No. 1. An appearance was only entered on behalf of Beard and Beard was the only Defendant listed on the docket.[1] However, on March 1, 2010, Plaintiff moved to amend his complaint to additionally name Defendants David DiGuglielmo and Suzanne Karpinski. ECF No. 13. The Court granted Plaintiff's motion to amend his complaint on April 14, 2010. See Order, ECF No. 20. The effect of this was that David DiGuglielmo and Suzanna Karpinski were both added as Defendants.  See ECF Nos. 13, 20. Service, however, was never initially made on these individuals.

---

[1] The Department of Corrections has never been listed on the docket, nor has it been dismissed as a party through an order of the Court. However, the DOC has appeared by counsel through pleadings before the Court. See, e.g., ECF Nos. 11, 34, 39. Consequently, the DOC is also a Defendant in this case and its status as such will be reflected on the docket.

Moreover, as the Court's disposition of Defendants' present motion for summary judgment is applicable to all Defendants, Plaintiff's § 1983 claim for damages will also be dismissed as to the DOC. See infra note 6.

2

On February 19, 2010, Defendants Beard and the DOC filed a motion to dismiss based on three grounds: (1) Commonwealth defendants are not persons amenable to suit pursuant to § 1983; (2) the 11th Amendment bars Plaintiff's claims; and (3) Beard had no personal involvement in the events alleged in the complaint. Defs.' Mot. to Dismiss, ECF No. 11. The Court denied Defendants' motion to dismiss without prejudice and ordered Defendants to depose Plaintiff and file a motion for summary judgment. Order, ECF No. 21. A few days after this order, Plaintiff filed a motion for summary judgment that was denied without prejudice and the Court permitted Plaintiff to renew the motion at the close of discovery. ECF Nos. 22, 25. Plaintiff was deposed on June 4, 2010.

On May 25, 2010, Plaintiff filed an appeal of this Court's denial of a temporary restraining order. ECF No. 29. While this appeal was pending, Plaintiff filed a motion for summary judgment and a motion for immediate transfer to federal prison. ECF No. 32. Defendants filed a response and their own motion for summary judgment. ECF Nos. 33, 34. All motions were denied without prejudice and the case was placed in suspense until jurisdiction was returned to the Court. ECF No. 35. The Court also stated that once jurisdiction was returned it would enter a scheduling order permitting Plaintiff to file an amended complaint and the parties to file motions for summary judgment.

Id.

Plaintiff's appeal was dismissed for failure to timely prosecute. ECF No. 37. Thereafter, Plaintiff moved for summary judgment as to his claims against Defendants Beard, DOC, DiGuglielmo, Karpinski, and Beard's counsel Anthony Venditti. ECF No. 38. Defendants Beard and the DOC responded and also moved for summary judgment. ECF No. 39. The Court denied Plaintiff's and Defendants' motions for summary judgment without prejudice because service of process had yet to be effectuated upon Defendants DiGuglielmo and Karpinski. Order, May 23, 2011, ECF No. 40. The Court further ordered the U.S. Marshals to serve the complaint upon Defendants DiGuglielmo and Karpinski in the event that waiver of services was not effected under Fed. R. Civ. P. 4(d)(2). Id. Defendants DiGuglielmo and Karpinski waived services on June 22, 2011. Waivers of Service, ECF No. 43.

After waivers of service were completed, Defendants DiGuglielmo and Karpinski filed a motion for summary judgment[2] requesting that all claims be dismissed as against them because Plaintiff's claims are either moot or barred by Heck v.

---

[2] Plaintiff was originally not able to be served with a copy of the motion for summary judgment because he could not be located following his release from incarceration. Order, ECF No. 47. Plaintiff was later located and properly served with a copy of Defendants' Motion for Summary Judgment and the Court's order granting him an extension of time to file a response to Defendants' Motion. Id. Plaintiff filed a response on March 6, 2012. Pl.'s Resp., ECF No. 48.

Humphrey, 512 U.S. 477 (1994). Defs.' Mot for Summ. J. 5-7.
Plaintiff responded that his claims are not barred by Heck v.
Humphrey because he initiated a habeas corpus proceeding in
state court, which was subsequently dismissed. Pl.'s Resp. 2,
ECF No. 48. Plaintiff further contends that Deputy Attorney
General Anthony Venditti intentionally misrepresented to the
Court that Plaintiff had assaulted a prison official while
incarcerated at SCIG, which led to Plaintiff being retaliated
against in prison. Id. at 4-7.


II.  DISCUSSION

       Plaintiff was an inmate incarcerated at SCIG, serving
an eighteen to thirty-six month sentence for the crimes of
burglary and contempt of court. Pl.'s Dep. 15:13-14, 32:7-9,
Defs.' Mot. for Summ. J. Ex. C. His minimum and maximum
incarceration dates were August 15, 2009 and February 15, 2011,
respectively. Id. at 16:11, 16:13. On September 21, 2009,
Plaintiff was approved to be paroled into a specialized
Community Corrections Center ("CCC") when space became available
at the appropriate facility. Id. at 17:3-20:12; Pennsylvania
Board of Probation and Parole, Form 15, Defs.' Mot. for Summ. J.
Ex. E. Plaintiff alleges that he was paroled, but his parole
agent recommended he enroll and complete a dual diagnosis
program prior to release. Pl.'s Dep. at 17:3-19:10. Plaintiff

5

claims that when he refused to enter the program he was wrongfully detained for his maximum sentence. Id. at 19:10-20:10.[3]

When a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action. Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). In Heck, the Supreme Court held that where success in a § 1983 action would "implicitly" call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Id.; see Heck, 512 U.S. at 486-87. In Williams, the Third Circuit extended the rule enunciated in Heck to § 1983 suits alleging unlawful revocation of parole. 453 F.3d at 177. Therefore, before challenging denial of parole and extended confinement, a civil rights plaintiff must first show that his conviction or sentence has been reversed, invalidated, expunged, or called into question by a tribunal. See Heck, 512 U.S. at 486-87.

Here, the threshold question is whether Plaintiff's success on his § 1983 action would call into question the validity of the Parole Board's decision not to grant Plaintiff

---

[3] Plaintiff subsequently served the balance of his maximum sentence and was released from custody on February 15, 2011. DOC Sentence Status, Defs.' Mot. for Summ. J. Ex. A.

immediate parole when he refused to participate in a dual diagnosis program recommended by his parole agent. This question is answered in the affirmative because success on Plaintiff's § 1983 claim would necessarily call into question the Parole Board's decision not to immediately release Plaintiff. A judgment in Plaintiff's favor would call into question the duration of his confinement because he alleges that he has been unconstitutionally detained since being approved for parole. Accordingly, as Plaintiff has not demonstrated that his conviction or sentence has been reversed, invalidated, expunged, or called into question, Plaintiff may not attack the Parole Board's decision via a § 1983 action.

Plaintiff argues that he sought habeas relief for his claims and provides as proof of this an emergency petition for writ of habeas corpus that he filed in the Montgomery County Court of Common Pleas. Pl.'s Letter, ECF No. 49.  Plaintiff's argument that he filed this emergency motion, however, misses the mark. Under Heck, Plaintiff has to do more than show that he filed a petition for habeas relief at one time. Heck requires Plaintiff to show, for example, that he filed a petition that was terminated in his favor. Here, there is nothing before the Court indicating that Plaintiff's "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."[4] Heck, 512 U.S. at 487. Accordingly, the Court concludes that Plaintiff's § 1983 claim for damages is not cognizable and will be dismissed.[5]

Under these circumstances, Defendants DiGuglielmo and Karpinski's Motion for Summary Judgment will be granted.[6]

_____

[4] In Plaintiff's response he also makes a claim that Defendants' attorney, Deputy Attorney General Anthony Venditti, intentionally misstated to the Court during a conference call that Plaintiff had assaulted a prison official while at SCIG. Pl.'s Resp. 4. He asserts that he suffered retaliation due to Mr. Venditti's mistake in being assaulted by a DOC officer, sent to the "hole," being denied food, being denied his mail and sick calls, as well as having his parole withdrawn. Id. at 5.

As this claim is not presently before the Court, the Court will not address the merits of Plaintiff's claim against Mr. Venditti.

[5] To the extent that Plaintiff is seeking injunctive relief from the Parole Board's decision pursuant to § 1983, his claim is now moot because he has been released from custody after serving his maximum sentence. See Weinstein v. Bradford, 423 U.S. 147, 148 (2011) (holding that a former prisoner who had achieved complete release from custody no longer had a present interest affected by the Parole Board's procedures for determining eligibility for parole and thus the former prisoner's case was rendered moot).

[6] While Defendants Beard and the DOC did not move for summary judgment, Plaintiff's § 1983 claim for damages would be barred as against these Defendants as well pursuant to Heck v. Humphrey. The Court may sua sponte grant summary judgment to a non-moving party, even if no formal notice has been provided to the adversarial party, where: (1) the point at issue is purely legal, (2) the evidentiary record was fully developed, and (3) failure to give notice does not prejudice the party. See Gibson v. Mayor & Council of City of Wilmington, 355 F.3d 215, 219 (3d Cir. 2004). All of these conditions are present in this case

**III. CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' Motion for Summary Judgment. An appropriate order will follow.

with respect to Plaintiff's action against Defendants Beard and the DOC. Whether Plaintiff's § 1983 claim is cognizable is a purely legal question and the evidentiary record necessary to assess whether Heck v. Humphrey bars Plaintiff's claim is complete. Moreover, as Plaintiff had a full and fair opportunity to respond to Defendants DiGuglielmo and Karpinski's Heck v. Humphrey argument, Plaintiff is not prejudiced because he had the opportunity to put his "best foot forward" to refute that his § 1983 claim was barred by Heck. Gibson, 355 F.3d at 224 (citing Leyva v. On the Beach, Inc., 171 F.3d 717, 720 (1st Cir. 1999)). Thus, Plaintiff's § 1983 claim will also be dismissed as against Defendants Beard and the DOC.